IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| ROBERT HARVEY MARTIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00084 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CAROLYN W. COLVIN, ACTING** ) | By: James P. Jones |
| **COMMISSIONER OF SOCIAL SECURITY,**[1] ) | United States District Judge |
| ) | |
| ) | |
| Defendant. ) | |

*E. Craig Kendrick, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Eda Giusti, Assistant Regional Counsel, and Rafael Melendez, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

I

Plaintiff Robert Harvey Martin filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 1381-1383f (West 2012 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. § 1383(c)(3).

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

Martin filed for SSI with the Social Security Administration on February 17, 2009. After preliminary denials of his claims, he obtained a hearing before an administrative law judge ("ALJ") on January 19, 2011, at which he was represented by counsel and during which he testified along with an impartial vocational expert, James Williams. On March 11, 2011, the ALJ issued a written decision finding that Martin was not disabled under the Act.  Martin requested review by the Social Security Administration's Appeals Council.  The Appeals Council denied his request for review on September 25, 2012, thus making the ALJ's decision the final decision of the Commissioner.  Martin then filed this action, seeking judicial review of the Commissioner's final decision.

The parties filed cross motions for summary judgment, which were briefed and thereafter orally argued by counsel on March 4, 2014.  The case is now ripe for decision.

II

At the time of the ALJ's decision, Martin was 46 years old.   He attended school until the ninth or tenth grade.  He last worked for pay in 1996 as a construction assistant superintendent building McDonald's restaurants.  In his written decision, the ALJ found that Martin had a severe impairment consisting of a "history of kidney stones."  (R. at 21.)  The ALJ reviewed Martin's medical history and the evidence presented at the hearing and set forth the reasons for his factual findings.   He found that Martin did not have an impairment or combination of

impairments that met or medically equaled a listed impairment,[2] had no past relevant work, and that he had the residual functional capacity to perform sedentary work. Based upon the testimony of the vocational expert, the ALJ determined that Martin was capable of performing jobs existing in significant numbers in the national economy.

It is contended in the present case that the ALJ erroneously resolved the evidence in finding Martin not disabled. In particular, it is argued that the ALJ (1) should not have accepted opinions of State Agency consulting physicians who stated opinions after reviewing Martin's medical records but who had not examined him; (2) failed to adequately explain his reasons for finding Martin only partially credible; (3) should not have relied upon Martin's activities of daily living as relevant evidence; (4) should not have relied upon Martin's failure to follow up on a referral to a specialist by his primary care physician; (5) erred in finding Martin's mental impairments to be non-severe; (6) failed to consider the application of a Listed Impairment relating to impairments resulting from chronic renal disease; and (7) failed to obtain consultative evaluations of Martin for his kidney stones and his mental issues.

---

[2] The Listing of Impairments is found in 20 C.F.R. pt. 404, subpt. P, app. 1 (2013), and describes impairments for each of the major body systems that the Social Security Administration considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience. *See* 20 C.F.R. § 416.920(d) (2013).

III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 1382c(a)(3)(B).

In assessing disability claims, the ALJ applies a five-step sequential evaluation process. The ALJ considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 416.920(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of other work present in the national economy. *See* 20 C.F.R. § 416.920(a)(4)(iv), (v).

In accordance with the Act, I must uphold the ALJ's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully considered the record evidence and the parties' arguments and I conclude for the following reasons that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standards.

## IV

The plaintiff's contentions will be discussed in order.

### NON-EXAMINING PHYSICIANS' OPINIONS.

The ALJ in this case considered the opinions of State Agency consulting physicians who reviewed Martin's medical records but who did not examine him. Martin contends that the ALJ erred in giving weight to those opinions because they were rendered without the opportunity to examine him and without the benefit of more up-to-date medical records.

Although the Social Security regulations provide that more weight is generally to be given to the opinion of an examining physician over the opinion of a non-examining physician, 20 C.F.R. § 416.927(c)(2) (2013), the opinion of a non-examining physician can be relied upon by an ALJ in a Social Security disability case "when it is consistent with the record," *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986), and "can constitute substantial evidence to support a finding of nondisability," *Throckmorton v. U.S. Dep't of Health & Human Servs.*, 932 F.2d 295, 299 (4th Cir. 1990).

One of the State Agency consultant's reports relied upon by the ALJ was dated in 2008. That physician stated that Martin "has described daily activities that are not significantly limited in relation to his alleged symptoms. The treatment for his impairments has been essentially routine and conservative in nature . . . . The medical records reveal that the medications have been relatively effective in controlling his symptoms." (R. at 270.) While the plaintiff complains that reliance upon the opinions of this physician was improper since there were later medical reports that were unreviewed, none of the later reports necessarily cast doubt on the accuracy of these opinions. Martin clearly has a long-standing history of kidney stones, his primary medical complaint. The factual question for the ALJ was whether this condition rendered him disabled. In light of the paucity

of any other medical evidence contradicting the non-examining physicians' opinions, the ALJ did not err in relying on those opinions.[3]

### PLAINTIFF'S CREDIBILITY.

The ALJ found that Martin was only "partially credible." (R. at 28.) In particular, he found that Martin did not have the limitations that he claimed. Martin attacks the ALJ's findings in this regard and in particular his determination that Martin presented an "unpersuasive appearance and demeanor while testifying at the hearing." (R. at 29.) While the ALJ did not elaborate as to the particulars of Martin's appearance and demeanor that led to this finding, he emphasized that this observation was only one of many reasons supporting his credibility finding. Indeed, the ALJ detailed other reasons why he found Martin only partially credible, including the inconsistencies between Martin's description of the severity of his symptoms and the medical evidence of record. I do not find that the ALJ erred in discounting Martin's testimony as he did.

### ACTIVITIES OF DAILY LIVING.

It is contended that the ALJ should not have relied upon Martin's activities of daily living as shown by the record, in making his decisions concerning Martin's credibility and disability.

---

[3] Two later evaluations by State Agency non-examining physicians, in June and December of 2009, are consistent with the 2008 conclusions. (R. at 76, 82.) Both were also relied upon by the ALJ. (R. at 27.) As the ALJ noted in his decision, "The record does not contain any opinions from treating or examining physicians indicating that the claimant has limitations greater than those determined in this decision." (R. at 29.)

Martin testified before the ALJ that he was limited in his daily life activities. The ALJ found that he could not consider that testimony as "strong evidence" of disability because such claimed limitations were unsupported by the "relatively weak medical evidence." (R. at 28.) This was a legitimate factual determination by the ALJ that does not lack substantial evidence.[4]

### FAILURE TO SEEK TREATMENT.

Martin failed to follow up on a physician's recommendation that he see a specialist at the University of Virginia hospital for his kidney stones condition. Martin testified that he had not followed this recommendation because he had "no way of getting there" since his father was elderly and both his girlfriend and adult daughter worked.[5] (R. at 50.) The ALJ noted in his decision that Martin's failure to follow this recommendation "suggests that the symptoms may not have been as serious as has been alleged." (R. at 29.)

I find that the ALJ's inference based upon these facts is not a ground for reversing the administrative determination. At most, it was only one of many factors relied upon by the ALJ in weighing the evidence against a finding of disability.

---

[4] The ALJ did note that in any event, Martin admitted to watching television and reading, visiting with his adult daughters, playing video games, and checking on his elderly father frequently. (R. at 26.) While there clearly may be a difference between performing daily personal activities and regular work duties, a Social Security claimant's routine non-work activities of life may support a finding that a residual functional capacity to work exists. *See Yost v. Barnhart*, 79 F. App'x 553, 555 (4th Cir. 2003) (unpublished).

[5] Counsel for the plaintiff represents that a trip to the University of Virginia hospital from Martin's home would have taken four to five hours each way. (Pl.'s Brief 5.)

MENTAL IMPAIRMENTS.

The plaintiff contends that the ALJ erred at step two of the sequential evaluation by finding that Martin's claimed mental impairments were not "severe" as defined in the Social Security regulations. While Martin complained that his depression and anxiety prevented him from working, the ALJ found that all alleged impairments other than his history of kidney stones were non-severe, "[A]s they have been responsive to treatment and/or cause no more than minimally vocationally relevant limitations," citing Social Security Ruling 85-28, 1985 WL 56856. (R. at 21.)

I find that there was substantial evidence to support this finding. In his lengthy discussions of Martin's claims of anxiety and depression, the ALJ noted that while Martin had seen a licensed clinical social worker on occasion, the provider, Crystal Burke, noted in her treatment record of September 1, 2010, that Martin had not been seen since April, and only once before that time, and that Martin was "unsure why he has not kept any appointments with [his] primary care or with this clinician." (R. at 300.) In her earlier treatment note of April 12, 2010, Burke noted that "[Martin] does not appear especially depressed. He does appear to have some anxiety." (R. at 301.) These treatment notes, together with the State Agency physicians' evaluation of Martin's medical history, and the other evidence of record, support the ALJ's determination that Martin's mental impairments were not severe.

LISTED IMPAIRMENT.

The plaintiff contends that Listed Impairment 6.00 should have been considered by the ALJ in order to find him disabled. Listed Impairment 6.00, related to genitourinary impairments, includes renal dysfunction due to various conditions. 20 C.F.R. pt. 404, subpt. P, app. 1 § 6.00(A)(2) (2013). In fact, the ALJ did consider this Listed Impairment and found that the evidence did not support that listing. (R. at 21.) I find that the ALJ's determination was supported by substantial evidence.

CONSULTATIVE EXAMINATIONS.

It is argued on Martin's behalf that the ALJ should have ordered consultative examinations by medical specialists concerning his kidney stones and mental impairments, in order to properly adjudicate the case. I disagree.

An ALJ may order the purchase of a consultative examination when the available evidence is insufficient to determine whether the claimant is disabled. *See* 20 C.F.R. § 416.919a(b) (2013). However, in the present case, for the reasons that I have set forth in this Opinion, the ALJ was able to make the disability determination based upon the evidence of record. To the extent that there were inconsistencies in the evidence, I find that they did not exist to the extent that the ALJ abused his discretion in declining to seek further medical evidence. *See Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1987) ("[F]ull inquiry does not require a consultative examination at government expense unless the record establishes that

such an examination is *necessary* to enable the administrative law judge to make the disability decision") (internal quotation marks and citations omitted).

V

For the foregoing reasons, the plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, and the defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED. A separate judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: March 13, 2014

*/s/ James P. Jones*
United States District Judge